**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEXANDER DIAZ, | No. 16-17064 |
| Petitioner-Appellant, | D.C. No. 3:15-cv-00979-JST |
| v. | |
| JOE A. LIZARRAGA, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted January 17, 2019**
San Francisco, California

Before: WALLACE and FRIEDLAND, Circuit Judges, and ADELMAN,***
District Judge.

Alexander Diaz was convicted of attempted murder in California after the

prosecution introduced statements he made during an interrogation. Diaz petitioned

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

for a writ of habeas corpus, which the district court denied, arguing that the admission of his statements violated his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). We granted a certificate of appealability and have jurisdiction under 28 U.S.C. § 2253. We affirm.

The California Court of Appeal gave as an independent reason for its decision that any error was harmless beyond a reasonable doubt. *People v. Diaz*, No. A136143, 2014 WL 3339498, at * 11-12 (Cal. Ct. App. July 9, 2014). Under AEDPA, this means that "a federal court may not award habeas relief under [section] 2254 unless *the harmlessness determination itself* was unreasonable." *Davis v. Ayala*, 135 S. Ct. 2187, 2199 (2015) (emphasis in original) (quoting *Fry v. Pliler*, 551 U.S. 112, 119 (2007)). "[A] state-court decision is not unreasonable if fairminded jurists could disagree on its correctness." *Id.* (internal quotation marks and alteration omitted) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)).

Assuming constitutional error here, fairminded jurists could disagree on whether any *Miranda* error was harmless. There was no dispute at trial that Diaz struck Officer Brower with a van; Diaz's defense was that the collision was unintentional. Diaz's statements in the interrogation did not conflict with or undermine that defense because he also told the interrogating officers that the collision was an accident. The only statements that might have prejudiced Diaz were those that the jury interpreted as lies to the interrogating officers. But to the

2

extent that the jury viewed falsehoods as evidence of his guilt, Diaz had already made overtly false statements to the police, including that he was not in the relevant city at all, before any *Miranda* violation took place. This record does not show that "the state court's decision to reject his claim was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (internal quotation marks omitted) (quoting *Harrington*, 562 U.S. at 103).

**AFFIRMED.**